Dear Ms. Young:
A member of the police jury holds elected office with a parish governing authority. The position of deputy marshal is an appointive office (see LSA-R.S. 13:1881). There are no provisions of the Dual Officeholding and Dual Employment Laws, LSA-R.S.42:61, et seq., which prohibit a police juror from concurrently holding the appointive office of deputy marshal, as long as the appointive office is held on a part-time basis. In order to violate LSA-R.S. 42:63(D), the police juror would have to hold the position of deputy marshal on a full-time basis, as the law provides:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
Note the definitions of "full-time" and "part-time", and of "political subdivision" contained in LSA-R.S. 42:62:
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time.
 (9) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition, for the purposes of this part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.
In support of the foregoing legal reasoning, please see Attorney General Opinion 96-319, copy attached.
Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received: Date Released: February 2, 1999
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL